JOHN J. TOWNSEND, Executor of the last Will and testament of FREDERICK BRONSON, deceased, Respondent, *v.* CHARLES SCHOLEY, Appellant.

The assignee of a lease, not assignable without the consent of the lessor, who takes with such consent, and assumes the covenants therein contained on the part of his assignor, is not liable for the prior breach of a covenant to build.

By the terms of a lease for ten years, the lessees covenanted that they would, within six months from the commencement of the term, erect a building of specified dimensions on the demised premises, which should be surrendered at the determination of the lease to the parties of the first part without any allowance therefor. More than two years afterward the lessees assigned to defendant, who thereupon, by agreement under seal, assumed all the covenants of the lessees contained in said lease, and promised, covenanted and agreed to fulfill the same. Within the six months the lessees had erected a building of the required description, except that the northerly wall was placed wholly upon land of the adjoining owner, and the southerly wall was six inches short of the southerly line of the demised premises.—*Held* (LOTT, INGALLS and HUNT, JJ., *contra*), that the lessor could not recover of the assignee damages for the breach of covenant by the lessees in so misplacing said erection.

Plaintiff having consented to the assignment, without any objection that the covenant to erect was not fully performed, long after the expiration

of the six months, is estopped, as against defendant, from alleging that said covenant had not been satisfactorily fulfilled; and defendant had a right to assume that it had been.

(Argued January 5th, 1870, decided March 17th, 1870.)

THIS is an appeal from the judgment of the General Term of the Court of Common Pleas of New York, affirming a judgment in favor of the plaintiff's testator, entered on the report of a referee.

Frederick Bronson, the respondent's testator, by lease dated January 26th, 1854, executed by himself and wife, and also by the lessees, demised a lot of land, in the city of New York, for the term of ten years, commencing on the first day of February, then next ensuing. The lease contained a covenant on the part of the lessees "that the said parties of the second part, their executors, administrators and assigns, shall and will, within six months from the commencement of the term hereby demised, erect and build, or cause to be built, on the premises hereby demised, a good and substantial brick building, at least two stories high, and to be at least thirty feet deep, by the entire width of the lot, which shall be surrendered, at the determination of this lease, to the parties of the first part without any allowance therefor," &c.

The building was erected by lessees, as required by their covenant, except that the northerly wall was placed on land of the adjacent owner, and the southerly wall was six inches short of the southerly line of the lot demised.

March 4th, 1856, with the consent of the plaintiff's testator, the lessees assigned their lease to the defendant, who thereupon, by an agreement of that date, under seal, assumed all the covenants of the parties of the second part, contained in the said lease, and promised, covenanted and agreed to fulfill the same.

In consequence of the misplacing by the lessees of the said northerly wall, plaintiff's testator was subsequently required to take it down and erect another within his own line, the expense whereof was allowed to him as damages by the referee.

*H. A. Johnson,* for appellant, cited *Hunt* v. *Silk* (5 East, 449); *Street* v. *Blay* (2 Barn. & Adol., 456); *Masson* v. *Bovet* (1 Denio, 69); *Bloodgood* v. *Ingoldsby* (1 Hilt., 388;) 2 Pars. on Cont., 5th ed., 678, 793; *Lewis* v. *Ridge* (Cro. Eliz., 863); *Grescot* v. *Green* (1 Salk., 199); *Churchwardens of St. Savior* v. *Smith* (3 Bur., 1271); *Tillotson* v. *Boyd* (4 Sand. S. C. R., 516).

*John J. Townsend,* the respondent, in person, cited *Pike* v. *Butler* (4 Coms., 361); *Pullman* v. *Corning* (9 N. Y., 93); *Doughty* v. *Bowman* (12 Q. B., 444); *Short* v. *Kalloway* (12 Ad. & Ellis, 30); *Leavitt* v. *Putnam* (1 Sand. S. C. R., 199).

E. DARWIN SMITH, J.   The judgment in this case, I think, is erroneous on either of two grounds.   First, the defendant's covenant was prospective, and not retroactive.   The building which the original lessees, Harris & Meeker, were to erect on the demised premises, was to be erected within six months from the commencement of the term, which was February 1st, 1854.   Harris & Meeker erected a building, in apparent and designed fulfillment of said covenant, within the six months, and the same was complete and in use, and had been so in use for upward of eighteen months, when they assigned said lease to the defendant, which was on the 4th of March, 1856.   When the defendant took said assignment he and the plaintiff must be presumed in law to have been on the premises, and to have made the covenant upon which the action is brought in view of said building, and with full understanding of the fact of the erection and its condition. In this view no objection having been then made or suggested in respect to said building, or any complaint that it was not erected and constructed in full satisfaction and fulfillment of the covenant in said lease, in respect to its erection, I think the plaintiff must be deemed to have accepted the same at or before that time, and he should be precluded and estopped from afterward alleging as against the defendant that said covenant

had not previously been entirely and satisfactorily fulfilled oy the original lessees of said premises. The defendant had a right to assume at that time from the existing condition of said premises (the six months for the erection of said building having having long since passed), that such covenant had been in fact executed and fully performed.

But, if this ground is not sufficient to preclude a recovery against the defendant, then the defendant, I think, is not liable for the defect in the construction of said building on the ground that the said covenant was then broken, and his covenant did not in express terms include any guaranty in respect to the past acts or neglects, or breaches of covenant of the original lessees. The covenant of the defendant is in legal effect that he will fulfill the unbroken covenants in said lease; he will, from that time, take the place of the original lessees, and fulfill their covenants. It would be a species of fraud to hold him responsible for the past neglects or breaches of covenant of Harris & Meeker. He took, like an assignee of a lease, with an express, instead of an implied, covenant to fulfill the covenants of the lessee therein contained.

His exemption from liabilities for past breaches of covenant of his assignor, I think, rests upon the same principles within the following cases: (*Lewis* v. *Ridge*, Croke Eliz., 863; *Grescott* v. *Green*, 1 Salk., 199; *Churchwardens of St. Savior* v. *Smith*, 3 Bur., 1271; *Tillotson* v. *Boyd*, 4 Sand. Sup. C., 521.)

The judgment should be reversed, &c.; new trial granted, with costs to abide the event.

LOTT, J., read an opinion for affirmance, on the ground that it was the intent and object of the covenant in the lease that the lessor should, at the expiration of the term, be entitled to a building on the lot, as a part of the consideration of the lease, and this covenant defendant assumed and agreed to fulfill. The failure to do so was a breach of his agreement. And, it not appearing that the imperfection of construction

was known at the time of the assignment, plaintiff's testator .d not waive it, and is not estopped.

Sutherland, Foster, Smith and Grover, JJ., and Earl, Ch. J., for reversal.

Lott, Ingalls and Hunt, JJ., for affirmance.

Judgment reversed, and new trial ordered.